UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  4:01-CR-22-06-SEB-MGN |
| | ) | |
| KEVIN YATES | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on October 27, 2009, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on October 9, 2009, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g).   An Initial Hearing in this matter was held on April 28, 2010, and disposition proceedings were held on May 6, 2010, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583.   On April 28, 2010, the Government appeared by John Dowd, Assistant United States Attorney, and on May 6, 2010, the Government appeared by Matthias Onkerak, Assistant United States Attorney.   Mr. Yates appeared in person and with CJA Counsel, Larry Simon.   U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On April 28, 2010, Larry Simon, CJA Counsel, was present to represent Mr. Yates in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Yates and his counsel.   The Magistrate Judge summarized the alleged violations and, further, Mr. Yates and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Yates was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Yates was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Yates was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Yates was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Yates had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

7. Mr. Yates, requested a preliminary hearing, which was scheduled on May 6, 2010.

8. On May 6, 2010, Larry Simon, CJA Counsel, was again present to represent Mr. Yates.   Mr. Yates stated his readiness to waive the preliminary hearing and to proceed with the revocation hearing.   Mr. Yates then waived, in writing, the preliminary hearing.

9. The parties then advised the Court that they had reached an agreement which they wished to submit to the Court.

The parties stipulated the following in open Court:

 (a) As to Violation Number 1 of the Petition for Violation of the Terms of Supervised Release, the defendant admitted in open Court that he had violated this condition.

 (b) The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve six (6) months of imprisonment with forty-two (42) months of supervised release to follow.

10. The Court then proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Number 1 of said Petition. The Court then placed Mr. Yates under oath and inquired of him whether he admitted to the specifications alleged in the Petition for Violation of the Terms of Supervised Release, and Mr. Yates admitted the violation contained in the Petition. The Court specifically inquired of Mr. Yates whether he was making this admission voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Yates that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Yates answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to the violation contained in the Petition. The violation is summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| | On September 7, 2008, the offender was arrested and charged with operating a vehicle while intoxicated in Clark County, Indiana, under docket number 10H02-0809-CM-1006. On January 14, 2009, he pled guilty to public |

3

intoxication and was sentenced to 180 days suspended with one year of probation supervision.

On September 16, 2009, the offender was charged with three counts of fraud (D felony) after allegedly using a stolen debit card for three transactions on August 4, 2009. The investigator asked the offender to contact him regarding the suspected fraud, but the offender refused. He was charged in Floyd County, Indiana, Superior Court, under docket number 22D01-0909-FD-2395. The case remains pending and the offender is presently in custody.

11. Based on the information available to the Court, the Court further finds the following:

1) Mr. Yates has a relevant criminal history category of II. *See,* U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Yates constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Yates is 6-12 months.

4) The appropriate disposition for Mr. Yates's violation of the condition of supervised release is as follows:

   (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of six (6) months.

   (b) Following the six-month term of imprisonment, the defendant shall be placed on supervised release for a period of forty-two (42) months in accordance with the standard and special conditions of supervised release previously imposed.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated condition of his supervised release as set forth in Violation Number 1 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. Yates shall be committed to the Bureau of Prisons to serve a term of imprisonment of six (6) months.

Following the six-month term of imprisonment, the defendant shall be placed on supervised release for a period of forty-two (42) months in accordance with the standard and special conditions of supervised release previously imposed.   The Court recommends that the defendant's term of imprisonment be served at the Federal Medical Center in Lexington, Kentucky.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Yates's supervised release.

**IT IS SO RECOMMENDED** this   7th    day of May, 2010.

_____
Michael G. Naville, Magistrate Judge
United States District Court


Distribution:

Matthias Onderak
UNITED STATES ATTORNEY'S OFFICE
Matthias.Onderak@usdoj.gov, Debbie.Barton@usdoj.gov,
Linda.Morris@usdoj.gov, usains.ecf-criminal@usdoj.gov

John Dowd
UNITED STATES ATTORNEY'S OFFICE
john.dowd@usdoj.gov, USAINS.ECF-Criminal@usdoj.gov, kelly.poole@usdoj.gov


Larry Simon
ssimpson@bluegrass.net, larrylawyerguy@aol.com


U.S. Marshal

U.S. Probation Office